WITNESS FEES ALLOWABLE TO STATE SUBPOENAED WITNESSES Title 28 O.S. 82 [28-82] (1970) allows the payment of fees and mileage to expert witnesses subpoenaed by the State in a criminal action, but only to the extent and amount that is allowed any other witness pursuant to the provisions of 28 O.S. 81 [28-81] (1970), and as such constitutes a lawful expense and thereby a valid claim against the Court Fund pursuant to 20 O.S. 1304 [20-1304] (1970). The Attorney General is in receipt of your letter dated March 31, 1971, wherein, in effect, you ask the following question: "Pursuant to 20 O.S. 1304 [20-1304] (1970), would the fees of an expert witness subpoenaed by the State in a criminal action be therein included as a valid claim against the Court Fund." Title 20 O.S. 1304 [20-1304] (1970) provides in part as follows: "Claims against the court fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said county and are approved by the governing Board of the court fund or a majority thereof. The term `expenses' shall include payments authorized to be made . . . for purposes of paying . . . fees of jurors and witnesses . . ." (Emphasis added) Statutory authority therefore specifically provides that the fees of jurors and witnesses be paid out of the Court Fund subsequent to the approval of the governing Board of said Court Fund. Further clarification is found in 28 O.S. 82 [28-82] (1970) which provides in part as follows: "All witnesses on behalf of the State who attend before the district or any other court . . . in obedience to a subpoena, in any criminal case or proceeding. . .shall be paid the fees and mileage provided for by law from the court fund of such county. . ." (Emphasis added) The 1970 Amendment to Section 82 substituted the language, "court fund" for "County General Fund", which thereby distinguishes Attorney General Opinion No. 69-196 (May 16, 1969). Because Section 82 specifically provides that "all witnesses" shall be paid as "provided by law", the provisions of 28 O.S. 81 [28-81] (1970) would be applicable, there being no specific statutory authority allowing "expert witness fees". Section 81 provides as follows: "Witnesses shall receive the following fees: For attending before any court, or before any judge, or commissioner, per day, Two Dollars ($2.00); for each mile actually and necessarily traveled in going to and returning from the place of attendance, five cents (5c); provided, that no mileage shall be allowed where the distance is less than one mile. No witness shall receive per diem or mileage in more than one case covering the same period of time, or the same travel, and each witness shall be required to make oath that the fees claimed have not been claimed or received in any other case, and no juror shall receive pay as a witness while serving as such juror." Accordingly, a witness fee is a "lawfully incurred expense" pursuant to Section 1304, but an expert witness is allowed such compensation only to the extent and amount that is allowed any other witness. It is therefore the opinion of the Attorney General that your question be answered as a qualified yes. Title 28 O.S. 82 [28-82] (1970) allows the payment of fees and mileage to expert witnesses subpoenaed by the State in a criminal action, but only to the extent and amount that is allowed any other witness pursuant to the provisions of 28 O.S. 81 [28-81] (1970), and as such, constitutes a lawful expense and thereby a valid claim against the Court Fund pursuant to 20 O.S. 1304 [20-1304] (1970). (Larry L. French)